UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 25-30384-CLH
 Chapter 13
TIFFANY MONIQUE LEWIS
    Debtor.

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION AND DISALLOWING CLAIM #4 OF HMC FINANCE CORP.

On June 4, 2025, this matter came before the Court for hearing on the Objection to Claim # 4 of HMC Finance Corp. (the "Objection to Claim") [Doc. No. 16][1] filed by Tiffany Lewis (the "Debtor") and the Response to the Objection to Claim (the "Response") [Doc. No. 18] filed by HMC Finance Corp. ("HMC"). For the reasons below, the Objection to Claim is SUSTAINED and Claim # 4 is DISALLOWED.

### JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered by United States District Court for the Middle District of Alabama on April 25, 1985. Venue is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND AND PROCEDURAL HISTORY

On December 17, 2004, HMC obtained a judgment in the amount of $5,277.92 against the Debtor in the District Court of Montgomery County (the "District Court"). [Claim No. 4-1].[2] Approximately ten years later, HMC renewed its judgment against the Debtor on February 25, 2015. [Claim No. 4-1]. On September 30, 2021, the Debtor filed a voluntary petition under

---

[1] "Doc. No." refers to the docket number for a filing in the instant bankruptcy case, Case Number 25-30384.
[2] "Claim No." refers to the claim number for a proof of claim filed in the claims register of the instant bankruptcy case, Case Number 25-30384.

Chapter 13 in this Court (the "Prior Case"). [Prior Case Doc. No. 1].[3] HMC filed an unsecured claim in the amount of $27,659.96, comprised of a principal balance of $4,589.50, post-judgment interest of $21,942.69, fees of $688.42, and costs of $150.00. [Prior Case Claim No. 1][4]. The Court confirmed the Debtor's Amended Plan on March 14, 2022. [Prior Case Doc. No 51]. Under the confirmed plan, non-priority unsecured claims, including HMC's claim, received no distribution. [Prior Case Doc. No. 47]. On February 7, 2025, the Prior Case was dismissed due to the Debtor's failure to make plan payments. [Prior Case Doc. No. 77].

On February 19, 2025, the Debtor filed this case. [Doc. No. 1]. HMC filed an unsecured claim in the amount of $32,027.23 (the "HMC Claim"), accounting for additional interest that accrued since the Prior Case. [Claim No. 4-1]. On April 21, 2025, the Debtor filed the Objection to Claim, asserting that the HMC Claim is satisfied, or, in the alternative, that the HMC Claim is stale under Alabama Code § 6-9-190. [Doc. No. 16]. On May 19, 2025, HMC filed its Response, arguing that Alabama Code § 6-9-190 is inapplicable.[5] [Doc. No. 18]. At the hearing, HMC introduced the additional argument that the HMC Claim is preserved under 11 U.S.C. § 108(c).

## LEGAL ANALYSIS AND CONCLUSIONS OF LAW

**A. HMC Finance Corp.'s Proof of Claim Satisfies Rule 3001 and Serves as Prima Facie Evidence of the HMC Claim and Its Amount.**

Under Rule 3001 of the Federal Rules of Bankruptcy Procedure, proofs of claim must substantially conform to Form 410 and, in the case of individual debtors, must attach an "itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before

---

[3] "Prior Case Doc. No." refers to the docket number for a filing in the Debtor's prior bankruptcy case, Case Number 21-31729.
[4] "Prior Case Claim No." refers to the claim number for a proof of claim filed in the claims register of the Debtor's prior bankruptcy case, Case Number 21-31729.
[5] In its Response, HMC asserts, without limitation, that the Debtor's testimony at the 341 meeting confirms that the Debtor still owes the debt to HMC. As noted at the June 4 hearing, the Court will not treat as admissions the Debtor's answers to questions from HMC's counsel that called for legal conclusions.

2

the petition was filed." FED. R. BANKR. P. 3001(a); FED. R. BANKR. P. 3001(c)(2)(A). A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure serves as prima facie evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f); *Green Tree Acceptance Inc. v. Calvert (In re Calvert)*, 907 F.2d 1069, 1071 n. 1 (11th Cir. 1989); *In re Britt*, 199 B.R. 1000, 1008 (Bankr. N.D. Ala. 1996). Absent an objection, validly filed proofs of claim are deemed allowed. 11 U.S.C. § 502(a). An objecting party must proffer sufficient evidence to overcome the presumption that the claim should be allowed. *In re Britt*, 199 B.R. at 1008.

The HMC Claim contains all the information required under Rule 3001. [*See* Claim No. 4-1]. Therefore, the burden is on the Debtor to overcome the presumption that the HMC Claim should be allowed.

B. **The Debtor's Bases for Objection**

In the Objection to Claim, the Debtor contends that the HMC Claim is due to be disallowed because it is (1) satisfied or (2) stale pursuant to Alabama Code § 6-9-190. [Doc. No. 16]. The wording of Local Form 4, which was utilized by the Debtor in this case, may have caused confusion regarding the bases for the Objection to Claim. Local Form 4 uses check boxes to describe various bases for objection. The check box asserting that the claim is "satisfied" generally is used when the claim has been satisfied by payment, which is why Local Form 4 requires the objecting party to attach supporting documentation. The check box asserting that the claim is "stale" refers to the passage of time rendering a claim unenforceable, which is why Local Form 4 requires citation to the relevant statute. The Objection to Claim appears to alternatively assert that: a) the HMC Claim is *presumed* satisfied under Ala. Code § 6-9-191 (not that the HMC Claim was paid); or b) the HMC Claim is unenforceable pursuant to Ala. Code § 6-9-190. Accordingly, although the Debtor did not attach documentation supporting its contention that the HMC Claim

3

is satisfied, the Court assumes this is because the Debtor is relying on Alabama Code §§ 6-9-191 and 6-9-190 in support of its alternative bases for objection.

1.  **For Purposes of the Objection to Claim, the HMC Claim Has Not Been Satisfied.**

Under Alabama Code § 6-9-1, judgments are valid for ten years. *See* ALA. CODE § 6-9-1. However, Alabama Code § 6-9-191 dictates that judgments can be revived once, such that they are valid for a period of up to 20 years from the date of entry of the original judgment. *See Knights Franchise Sys., Inc. v. Gauri Shivam, LLC,* 2022 WL 1072885, at *2 (N.D. Ala. April 8, 2022). If a judgment is not renewed within the first ten years, a rebuttable presumption arises that the judgment has been satisfied. *See id.* at *1.

HMC's judgment against the Debtor was entered on December 17, 2004. [Claim No. 4-1]. HMC appears to have revived its judgment against the Debtor, as evidenced by the Certificate of Judgment dated February 25, 2015. [Claim No. 4-1]. HMC would have been required to rebut the presumption that the claim had been satisfied. Given that the District Court issued a Certificate of Judgment on February 25, 2015, the Court can infer that HMC met its burden.

The issue of whether the claim has been satisfied for purposes of Alabama Code § 6-9-191 is relevant only to the revival of the underlying judgment, which occurred before the Debtor filed the Prior Case. HMC is no longer seeking to revive the judgment, so there is no presumption in favor of the Debtor that the judgment has been satisfied. Accordingly, Alabama Code § 6-9-191 does not negate the prima facie validity of the HMC Claim. Moreover, no evidence has been presented that the HMC Claim has been satisfied by payment, as contemplated by Local Form 4. Accordingly, the Debtor has not overcome the presumption that the HMC Claim should be allowed, at least on the basis that the HMC Claim was satisfied by payment or by operation of Alabama Code § 6-9-191.

## 2. For Purposes of the Objection to Claim, the Underlying Judgment is Unenforceable Under Alabama Code § 6-9-190, and the HMC Claim is Stale.

Under Alabama Code § 6-9-190, a judgment "cannot be revived after the lapse of 20 years from its entry." *Id.*; *see also PACCAR Fin. Corp. v. Robbins Grp. Int'l, Inc.,* No. 3:97-CV-1751-SLB, 2012 WL 5426456, at *2 (N.D. Ala. Nov. 1, 2012) ("In Alabama, a party has twenty years to satisfy a judgment, after which time the judgment is no longer enforceable at law."). The judgment underlying the HMC Claim was entered on December 17, 2004. The twenty-year point from entry of the judgment elapsed on December 17, 2024, over two months before the instant case was filed. If this were the end of the analysis, then the HMC Claim would be "stale" in the context of the basis for objection listed in Local Form 4.

However, HMC asserts that the HMC Claim is preserved under 11 U.S.C. § 108(c), which extends certain non-bankruptcy deadlines. The section provides:

> (c) ... [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c). To determine whether the underlying judgment is unenforceable under Alabama Code § 6-9-190, the Court must determine the deadlines specified under sections 108(c)(1) & (2) and apply the later of the two.

Under section 108(c)(1), the relevant date is the end of the period that HMC could execute on its judgment under nonbankruptcy law. As explained above, this date is December 17, 2024.

Under section 108(c)(2), the relevant date is thirty days after HMC received notice of the termination or expiration of the automatic stay. On February 7, 2025, the Prior Case was

5

dismissed, and the automatic stay was terminated by operation of law. *See* 11 U.S.C. § 362(c)(2)(B). In the Prior Case, HMC filed a claim, its attorney entered a Notice of Appearance, and it received electronic notice of the Order Dismissing Bankruptcy Case. [Prior Case Doc. Nos. 9 and 78]. Therefore, HMC had notice of the dismissal of the Prior Case on February 7, 2025. Under section 108(c)(2), HMC had thirty days from this date, or March 9, 2025, to continue proceedings in state court against the Debtor.

This case was filed on February 19, 2025, before that thirty-day period elapsed, meaning the automatic stay was once again in place and HMC was again enjoined from continuing proceedings in state court against the Debtor. However, because the Debtor had a prior case pending within a year of the petition date and no motion to extend the stay was filed, the automatic stay terminated with respect to the Debtor 30 days after the filing of the instant case. 11 U.S.C. § 362(c)(3)(A); *see also In re Roach*, 555 B.R. 840, 848 (Bankr. M.D. Ala. 2016) (holding that under 11 U.S.C. § 362(c)(3)(A) the automatic stay terminates "with respect to the debtor", not property of the estate).[6] Accordingly, on March 19, 2025, the automatic stay in this case terminated.

There is no evidence that HMC continued proceedings against the Debtor within 30 days after the termination of the automatic stay on March 19, 2025. The thirty-day window closed on April 19, 2025, two days before the Debtor filed the Objection to Claim. Although section 108(c)(2) extended HMC's right to continue proceedings in state court against the Debtor for thirty days after the termination of the automatic stay, its right to do so has now been extinguished. Alabama Code § 6-9-190 dictates that judgments cannot be revived beyond 20 years from entry,

---

[6] Section 108(c)(2) extends only the deadline for commencing or continuing proceedings "against the debtor" and the stay terminated "with respect to the debtor" on April 19, 2025. Because 30 days has now elapsed, HMC is prevented from pursuing the Debtor. Section 108(c) does not extend deadlines to proceed purely in rem, so HMC's time to do so elapsed in December 2024.

6

Case 25-30384   Doc 32   Filed 06/16/25   Entered 06/16/25 08:15:06   Desc Main
Document      Page 6 of 7

and section 108(c)'s outermost deadline has passed. Therefore, the Objection to Claim is due to be SUSTAINED.

## CONCLUSION

The Court finds that the Debtor satisfied its burden to overcome the prima facie validity of the HMC Claim. Under Alabama Code §§ 6-9-190 and 6-9-191 and relevant case law, and by virtue of section 108(c)(2)'s extension, HMC had a right to continue proceedings in state court to satisfy its judgment until no later than April 19, 2025. Now that this period has passed, the underlying judgment is unenforceable and the HMC Claim is stale.

For the reasons set forth above, the Objection to Claim is SUSTAINED and the HMC Claim is DISALLOWED.

Done this 13th day of June, 2025.

*[signature]*

Christopher L. Hawkins
United States Bankruptcy Judge

c: Debtor
Stephen L. Klimjack, Attorney for Debtor
Sabrina L. McKinney, Trustee
Richard C. Dean, Jr., Attorney for HMC Finance Corp.
HMC Finance Corp.